IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY J. EDDINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0350-WS-M |
| | ) |
| UNITED STATES AIR FORCE, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' "motion for a more definite statement." (Doc. 15).[1] Although the motion employs the language of Rule 12(e), it attacks pleading deficiencies redressed by Rule 12(b)(6), it relies on case law involving Rule 12(b)(6),[2] and it expressly invokes Rule 12(b)(6). (Doc. 15 at 3). The Court therefore construes the motion as one to dismiss for failure to state a claim pursuant to Rule 12(b)(6) rather than one for more definite statement pursuant to Rule 12(e).[3] The Court established a briefing schedule, (Doc. 16), but

---

[1] The defendants say the United States is "likely the sole and proper Defendant," and they say they should be dismissed as defendants "[s]hould this case proceed." (Doc. 15 at 1 n .1). Because the defendants have not moved for such relief, it will not be considered at this time. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

[2] *E.g., American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

[3] The defendants apparently understood they should seek as relief a more definite statement, rather than dismissal, because any dismissal would be with leave to amend. (Doc. 15 at 3). But the standard for relief under Rule 12(e) is different than that under Rule 12(b)(6), and dismissal with leave to amend is still dismissal.

the plaintiff filed no responsive brief and the defendants filed no reply. Accordingly, the motion came ripe without further briefing. (Doc. 21).[4]

Without citing Rule 12(b)(1) or Rule 8(a)(1),[5] the defendants argue the complaint fails to "assert a legal basis for the federal court's jurisdiction." (Doc. 15 at 4). As the Court reads the amended complaint, it alleges that the defendants have "violated the civil rights" of the plaintiff and his family,[6] "[s]pecifically, the part of the Constitution about innocent until proven guilty." (Doc. 7 at 5-6). Such an assertion would at least suggest an effort to invoke federal question jurisdiction under 28 U.S.C. § 1331. Given the defendants' failure to address the complaint's allegations, the Court is unprepared to accept their *ipse dixit* that there is a "lack subject matter jurisdiction." (Doc. 15 at 4).

To survive dismissal under Rule 12(b)(6), a complaint must first satisfy the pleading requirements of Rule 8(a)(2),[7] which rule provides that "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14 (2002), it does not eliminate all pleading requirements.

---

[4] For reasons unknown, the defendants' motion challenges the adequacy of the original complaint, (Doc. 1), rather than the amended complaint. (Doc. 7). Because the amended complaint makes only minor tweaks in the original, and since it carries forward all the problems of the original, the Court concludes that the motion adequately challenges the amended complaint.

[5] The defendants reference only Rules 8(a)(2) and 8(a)(3) in support of this argument. (Doc. 15 at 5).

[6] There is only one named plaintiff, (Doc. 7 at 1), so any violation of the rights of his family members is not before the Court. Moreover, because the plaintiff is proceeding without counsel and does not purport to be a lawyer himself, he cannot represent the interests of anyone else – including his family members – even were they named as plaintiffs. *Devine v. Indian River County School Board*, 121 F.3d 576, 581 & n.17 (11th Cir. 1997); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). There must in addition be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard … asks for more than a sheer possibility that the defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotes omitted). A complaint lacking "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" will not "survive a motion to dismiss." *Id*. But so long as the plausibility standard is met, the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotes omitted).

As the defendants correctly argue, the amended complaint fails this test at multiple points. First, it does not clearly identify a "viable legal theory." The amended complaint invokes the presumption of innocence, which is "a basic

3

component of a fair trial under our system of criminal justice," *Estelle v. Williams*, 425 U.S. 501, 503 (1976), but it does not allege or even faintly suggest that the plaintiff has been subjected to a criminal trial at which this constitutional right was impinged.

Nor do the amended complaint's factual allegations coherently, much less plausibly, suggest the defendants have violated the plaintiff's right to a presumption of innocence. It appears the plaintiff believes agents of the defendants have engaged in a "private, 'vigilante' war" on him and his family, (Doc. 7 at 1), by investigating him, placing him under surveillance (including by moving spies into the house next to his), fabricating and destroying evidence, and recruiting state and local officials (and private citizens) as part of the effort. The amended complaint on its face explicitly concedes that many of its conclusory allegations are merely "possible,"[8] including those alleging the fabrication and destruction of evidence, and other allegations certainly appear implausible based on the facts alleged.[9]

The defendants also object that the complaint violates Rule 8(a)(2)'s "short and plain statement" requirement because it "incorporate[s] a significant amount of irrelevant or extraneous information." (Doc. 15 at 3). The defendants, however, identify no examples of such excess, and the Court does not detect any gross defects in this regard (though certainly the pleading is more chatty and less focused than the ideal).

The defendants next complain that the complaint "does not provide any specific dates" on which any relevant conduct occurred, thereby preventing the defendants from determining if any claim is "time-barred." (Doc. 15 at 6).

---

[8] The amended complaint employs the terms "possible" and "possibly" at least ten times. (Doc. 7 at 1, 4-5).

[9] For example, the plaintiff concludes that his neighbors are spies because they moved in next door while his house was being built. (Doc. 7 at 3, 7).

Similarly, the defendants object that the complaint does not provide information showing that the plaintiff has exhausted his administrative remedies, "if any." (Doc. 15 at 6, 9-10). Expiration of the statute of limitations, and failure to exhaust, are generally considered to be affirmative defenses.[10] The defendants have cited no authority for the proposition that a plaintiff is obligated in his complaint to plead facts negating an affirmative defense, and the law appears to be otherwise. *E.g., Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

Better taken is the defendants' objection that the complaint fails to comply with Rule 10(b). (Doc. 15 at 8). That rule requires a plaintiff to employ "numbered paragraphs, each limited as far as practicable to a single set of circumstances." The first 3½ pages of the amended complaint contain no numbered paragraphs, and both they and the subsequent numbered paragraphs are unmanageably long (up to a full page).

The defendants also criticize the complaint's failure to place each claim in a separate count, as contemplated by Rule 10(b). (Doc. 15 at 8). It appears to the Court that the plaintiff is bringing a single claim (for violation of the presumption of innocence), in which case multiple counts would be inappropriate. However, should the plaintiff assert multiple claims, he must separate them into separate counts in accordance with Rule 10(b).

Finally, the defendants argue the complaint is an impermissible "shotgun pleading." (Doc. 15 at 7). They do not, however, explain how the amended complaint falls within any of the "four rough types" of shotgun pleading

---

[10] *E.g., Jones v. Bock*, 549 U.S. 199, 212 (2007) ("[T]he usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."); *Davenport Recycling Associates v. Commissioner of Internal Revenue*, 220 F.3d 1255, 1259 (11th Cir. 2000) ("The expiration of a statute of limitations is an affirmative defense ….").

recognized by the Eleventh Circuit.[11]  Simply saying that "no specific acts are identified with clarity, nor are any legitimate causes of action alleged," (*id.*), does not implicate the doctrine.

It is plain from the foregoing discussion that the amended complaint fails to satisfy Rule 8(a)(2) and is therefore subject to dismissal under Rule 12(b)(6) for failure to state a claim.  However, and as the defendants recognize, (Doc. 15 at 9), before an action is dismissed with prejudice for failure to state a claim, a pro se plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim.  *E.g., Lee v. Alachua County*, 461 Fed. Appx. 859, 860 (11th Cir. 2012); *Schmitt v. United States Office of Personnel Management*, 403 Fed. Appx. 460, 462 (11th Cir. 2010).[12]

As the plaintiff has previously been warned:

> All litigants, including those representing themselves, "shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil … Procedure, unless otherwise excused from operation of the rules by court order." Local Rule 83.9(b).  Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a [litigant's] pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[W]e … have required [pro se litigants] to conform to procedural rules.") (internal quotes omitted); *cf. United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("[I]gnorance is no hidden virtue; a pro se [criminal] defendant must follow the rules of procedure …."). The plaintiff is cautioned to familiarize himself with, and to follow, the applicable rules.

(Doc. 5 at 1 n.1).[13]  The plaintiff ignores this warning at his peril.

---

[11] *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015).

[12] Because the Court cannot tell whether the statute of limitations would bar the plaintiff from filing another lawsuit should this one be dismissed without prejudice, it cannot tell whether such a dismissal would effectively be with prejudice.  Because the defendants assume it would be, the Court does so as well.

[13] Former Local Rule 83.9(b) is now found at General Local Rule 83.5(a).

Moreover, "even in the case of pro se litigants … a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading to sustain an action …." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The plaintiff must adequately comply with pleading rules or face dismissal of this action without discovery or consideration of the merits.

The pleading requirements in federal court are neither onerous nor hidden, and the rules and cases cited and explained herein contain most of them.  The plaintiff would be well served to review these rules and cases, as well as actual complaints in other cases, before attempting to file a second amended complaint.  He will discover that successful plaintiffs present crisp complaints that: expressly identify the basis or bases of the Court's subject matter jurisdiction; clearly allege – in brief, focused, numbered paragraphs – necessary facts as to what each defendant or defendant's representative did; clearly identify each legal claim presented, each under a separate heading called a "Count"; clearly state under each count which defendant(s) is (are) sued under such count; clearly list under each count which specific numbered factual paragraphs apply to that count; clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged); and clearly articulate the relief requested – all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material.  Other attributes of proper pleading exist, but adherence to these would vastly improve the plaintiff's chances of withstanding a motion to dismiss the second amended complaint.

For the reasons set forth above, the defendants' motion for more definite statement, construed as a motion to dismiss, is **granted**.  The amended complaint is **dismissed**, **without prejudice** to the plaintiff's ability to file and serve a second amended complaint on or before **March 10, 2016**, failing which the dismissal of this action will become final without further order of Court.

DONE and ORDERED this 18th day of February, 2016.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE